**Henderson Duval HOUGHTON, Plaintiff-Appellant,**

v.

**Carroll V. SOUTH, Defendant-Appellee.**

**No. 84–3602.**

United States Court of Appeals, Ninth Circuit.

Submitted July 18, 1984 *.

Decided Oct. 2, 1984.

Henderson D. Houghton, pro se.

Nick Rotering, Dept. of Institutions, Helena, Mont., for defendant-appellee.

9th Cir.R. 3(a) and Fed.R.App.P. 34(a).

* The panel finds this case appropriate for submission without argument pursuant to 28 U.S.C.A.

Before SNEED, ANDERSON, and BEEZER, Circuit Judges.

PER CURIAM:

Houghton, appellant, brought this action against South, appellee, the Director of the Department of Institutions of the State of Montana, pursuant to 42 U.S.C. § 1983. The complaint was dismissed by the district court. We affirm in part and reverse in part.

## I.

### FACTS

Appellant was charged in February, 1980, by information with the felony of deviate sexual conduct involving his step-sons. Extensive proceedings ensued designed to ascertain his mental fitness to proceed to trial. It was determined in November, 1981, that he was unfit, that he be acquitted by reason of serious mental defect or mental disorder as defined by Montana law, and that he was a threat to family and the public. *See* Mont.Code Ann. §§ 46–14–101 *et seq.* (1983). He was ordered to be transferred to the Warm Springs Hospital (the Hospital) at the same time. Thereafter in May, 1982, Houghton was afforded another hearing on his present mental state. As a result, the district court of the Eighth Judicial District of the State of Montana held that Houghton continued to be seriously mentally ill and that he constituted a threat to the public requiring continued commitment to the Hospital. He presently remains at that facility.

Houghton's complaint is quite discursive but in essence it is directed at the conditions under which he is confined and the procedures by which his status can be altered. More specifically, Houghton claims he was adjudged mentally ill and committed in an unconstitutional fashion by the state court, that South imposed unconstitutional restraints on him during his confine-ment, that the procedures for achieving a change in his status are so impacted and complex as to deprive him of due process. Finally, he joins to these claims a prayer that the state be enjoined from constructing a new wing to the Hospital until the alleged deficiencies have been corrected.

The district court adopted findings by the Magistrate and dismissed Houghton's action for failure to state a cause of action. We affirm except with respect to the alleged restraints imposed on Houghton.

The prayer for an injunction is unrelated to the balance of the complaint. Failure to enjoin the construction imposes no irreparable harm on Houghton and Houghton's other remedies are quite adequate to provide relief for his alleged injuries.

Houghton's section 1983 claim with respect to the manner in which he was committed is directed toward the wrong official. South had nothing to do with that. Houghton was committed by a judge who, incidentally, is entitled to an absolute immunity from section 1983 suits. This claim against South was properly dismissed.

Houghton's claim against South with respect to the procedures for achieving a change of status has a dual focus. One is directed toward the sufficiency of Montana law as embodied in Chapter 14 of Title 46, Montana Code Annotated (1983), section 46–14–101 *et seq.*, and the other toward certain actions taken by South to implement a policy "requiring physicians at Warm Springs State Hospital to go through 'lawyers in Helena to deal with courts who have been committed patients to the hospital' [sic]." Memorandum, Special Assistant Attorney General, C.R. 5.

The initial focus perhaps is intended to suggest that the commitment procedures under Chapter 14 of Title 46 are constitutionally suspect because of their difference from those under Chapter 21 of Title 53 which deal exclusively with the mentally ill not accused of a crime. This would bring into play *Jackson v. Indiana,* 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972), in which the Court held that the failure under

the facts of the case of Indiana law to provide a method of release to one accused of crime substantially equivalent to that available to one similarly handicapped, but not accused of a crime, violated equal protection and due process. We reject the suggestion that *Jackson v. Indiana,* under the facts of this case, provides any basis for a suit against South under section 1983. We observe that Houghton twice has been held to be a danger to the community and that section 46–14–303 of Montana Code Annotated provides a means, recurringly available, by which Houghton can obtain his release. We cannot say on the basis of this record that Houghton has been imprisoned for life without hope of release as was the accused in *Jackson v. Indiana.*

■ The second focus also provides no basis for a civil rights action against South. All that South has done is to attempt to make uniform the procedures by which those committed by means of the criminal justice process would seek court approval of a change of their status. Such an ordinary manifestation of the bureaucratic art did not deprive Houghton of his civil rights.

■ Houghton's claims against South with respect to restraints are more troublesome. Their essence can best be described by quoting from Houghton's "Brief in Support of Complaint."

### ARGUMENT

CLAIM I—South has violated State Laws which protect Plaintiff's U.S. Constitutional Right to the Equal Protection of the Laws, and has thereby denied Plaintiff that U.S. Const. Right by maintaining a policy instituted in April of 1981 restricting court committed patients in Warm Springs State Hospital to the Maximum Security Building unless wearing restraints. This policy affords Doctors less freedom in dealing with patients than freedoms afforded convicted felons housed in the Women's Prison located on the Hospital grounds. As a result, despite the fact that the Plaintiff has not been found to be seriously mentally ill by

Hospital professionals, has received no treatment for serious mental illness, nor has he been convicted of a crime, he has been restricted more severely than convicted criminals for some 15 months since this policy was adopted by the Department of Institutions and maintained by South.

South's response to this is to point to a policy of Warm Springs Hospital having as its subject "Escorting of Forensic 56/57 Patients" which appears generally to require the use of restraints when escorting such patients. On its face it appears quite reasonable. The Magistrate's findings which were accepted by the district court merely state "the restraints are intended for security purposes, which are reasonable." C.R. 12.

Our difficulty is that these responses do not sufficiently join issue with Houghton's complaint, which we must accord all reasonable inferences, to enable us to assert that he has failed to state a claim under section 1983. As we read Houghton's complaint he alleges, *inter alia,* that he is subject to restraints neither imposed on others not convicted of a crime nor necessary in his particular situation. We cannot say on the basis of the documents before us that a deprivation of liberty without due process of law has not occurred. Therefore, we must reverse the district court's dismissal of this restraint claim and remand this claim for further proceedings in the district court. These proceedings should be addressed to the extent to which Houghton is subject to restraints, the reasonableness of such restraints, and the extent to which South as an individual acting under color of state law is responsible therefor. Only with a record so developed can it be determined with assurance whether Houghton in fact has been deprived of his constitutional rights.

In closing we observe that the mentally ill, as described in Chapter 21 of Title 53, Montana Code Annotated, are afforded a statutory right "to be free from physical restraint and isolation." *See* Montana Code Ann. § 53–21–146 (1983). While we

recognize that Houghton's confinement is not governed by this Chapter, and that no comparable provision appears in Chapter 14 of Title 46, we are keenly cognizant of our duty to test those restraints to which Houghton is subject against both the equal protection and due process clauses of the Constitution as incorporated in the Fourteenth Amendment. *See Mills v. Rogers,* 457 U.S. 291, 298–300, 102 S.Ct. 2442, 2448–2449, 73 L.Ed.2d 16 (1982); *Jackson v. Indiana,* 406 U.S. 715, 723–739, 92 S.Ct. 1845, 1850–1858, 32 L.Ed.2d 435 (1972). On the basis of the record before us we cannot say that Houghton has failed to state a claim under section 1983 with respect to the restraints to which he is subject.

AFFIRMED IN PART; REVERSED IN PART; and REMANDED IN PART.